**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE CERENCE STOCKHOLDER DERIVATIVE ACTION | Civil Action No. 1:22-cv-10723-ADB<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER THE APPLICABLE FORUM-SELECTION CLAUSE**

Deborah S. Birnbach
Justin D. Ward
Brendan Blake
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: 617-570-1000
Fax.: 617-523-1231
dbirnbach@goodwinlaw.com
jward@goodwinlaw.com
bblake@goodwinlaw.com

*Counsel for Defendants and Nominal Defendant*

## TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 2 |
|     A.    Cerence's Charter And Bylaws. | 2 |
|     B.    Procedural History. | 3 |
| LEGAL STANDARD | 5 |
| ARGUMENT | 6 |
| I.    The Forum-Selection Clause In Cerence's Charter Requires Dismissal. | 6 |
| II.    Plaintiffs' Arguments Against Enforcing The Forum-Selection Clause In Cerence's Charter Are Unavailing. | 9 |
| CONCLUSION | 12 |

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Arbogast v. Pfizer*,
  2023 WL 1864295 (D. Mass. Feb. 9, 2023) ............................................................................2

*Ascend Learning, LLC v. Bryan*,
  2023 WL 5279643 (D. Mass. Aug. 16, 2023) .....................................................................5, 8

*Boilermakers Loc. 154 Ret. Fund v. Chevron Corp.*,
  73 A.3d 934 (Del. Ch. 2013)....................................................................................................8

*In re Carvana Co. S'holders Litig.*,
  2022 WL 3923826 (Del. Ch. Aug. 31, 2022) ..........................................................................7

*Chao v. Hotel Oasis, Inc.*,
  493 F.3d 26 (1st Cir. 2007)....................................................................................................11

*City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. Cerence Inc.*,
  2024 WL 1258149 (D. Mass. Mar. 25, 2024).........................................................................4

*Clark v. State Farm Mut. Auto. Ins. Co.*,
  131 A.3d 806 (Del. 2016) ........................................................................................................7

*Claudio-De Leon v. Sistema Universitario Ana G. Mendez*,
  775 F.3d 41 (1st Cir. 2014)..............................................................................................10, 11

*In re Facebook, Inc. S'holder Derivative Priv. Litig.*,
  367 F. Supp. 3d 1108 (N.D. Cal. 2019) ..................................................................................8

*GRT, Inc. v. Marathon GTF Tech., Ltd.*,
  2012 WL 2356489 (Del. Ch. June 21, 2012)...........................................................................9

*Huffington v. T.C. Grp., LLC*,
  637 F.3d 18 (1st Cir. 2011)....................................................................................................11

*Kebb Mgmt., Inc. v. Home Depot U.S.A., Inc.*,
  59 F. Supp. 3d 283 (D. Mass. 2014) .......................................................................................6

*Kirby v. Kirby*,
  1987 WL 14862 (Del. Ch. July 29, 1987)...............................................................................9

*Klaassen v. Allegro Dev. Corp.*,
  2013 WL 5739680 (Del. Ch. Oct. 11, 2013), *aff'd*, 82 A.3d 730 (Del. 2013)..........................9

*Lee v. Fisher*,
 70 F.4th 1129 (9th Cir. 2023) (en banc) ..................................................................................8

*Lincare, Inc. v. Deso*,
 2023 WL 5515824 (D. Mass. Aug. 25, 2023) .....................................................................5, 6

*Mahoney v. Found. Med., Inc.*,
 342 F. Supp. 3d 206 (D. Mass. 2018) ....................................................................................2

*Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*,
 261 A.3d 1199 (Del. 2021) ....................................................................................................9

*Megadance USA Corp. v. Knipp*,
 623 F. Supp. 2d 146 (D. Mass. 2009) ..................................................................................12

*In re Minkina*,
 79 F.4th 142 (1st Cir. 2023) .................................................................................................11

*Nahass v. Harrison*,
 207 F. Supp. 3d 96 (D. Mass. 2016) ......................................................................................9

*North v. McNamara*,
 47 F. Supp. 3d 635 (S.D. Ohio 2014) ....................................................................................8

*Prospect St. Energy, LLC v. Bhargava*,
 2016 WL 446202 (Del. Super. Ct. Jan. 27, 2016) .................................................................7

*Provanzano v. Parker View Farm, Inc.*,
 827 F. Supp. 2d 53 (D. Mass. 2011) ......................................................................................6

*Rivera v. Centro Medico de Turabo, Inc.*,
 575 F.3d 10 (1st Cir. 2009) ................................................................................................6, 7

*Salzberg v. Sciabacucchi*,
 227 A.3d 102 (Del. 2020) ......................................................................................................7

*Seafarers Pension Plan ex rel. Boeing Co. v. Bradway*,
 23 F.4th 714 (7th Cir. 2022) ..................................................................................................8

*Silva v. Encyclopedia Britannica Inc.*,
 239 F.3d 385 (1st Cir. 2001) ................................................................................................10

*Sylebra Cap. Partners Master Fund, Ltd. v. Perelman*,
 2020 WL 5989473 (Del. Ch. Oct. 9, 2020) ...........................................................................7

*Turney ex rel. Stericycle, Inc. v. Miller*,
 2019 WL 3801866 (N.D. Ill. Aug. 13, 2019) ........................................................................8

**Statutes**

15 U.S.C. § 78aa(a) ..................................................................................................................8

Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* ...................................................1, 2, 8, 9

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ............................................................................................................5

**PRELIMINARY STATEMENT**

This case was filed in the wrong forum and should be dismissed. Ever since nominal defendant Cerence Inc. ("Cerence") became a public company in October 2019, its Amended and Restated Certificate of Incorporation (the "Charter") has provided that all derivative cases brought on Cerence's behalf, as well as all fiduciary duty claims against Cerence's officers and directors, must be brought in the Delaware Court of Chancery (or, if it lacks jurisdiction, another state or federal court in Delaware). That unambiguous and mandatory provision applies to all of the claims in Plaintiffs' Consolidated Stockholder Derivative Complaint (ECF No. 18, the "CSDC"), which are filed derivatively on Cerence's behalf.

Plaintiffs' arguments to the contrary are unavailing. They rely on Section 12.6 of Cerence's Second Amended and Restated Bylaws (the "Bylaws") enacted in April 2023, which repeats the unremarkable proposition that federal courts have exclusive jurisdiction over claims under the Securities Exchange Act of 1934 (the "Exchange Act"), and also provides that claims under the Securities Act of 1933 can only be brought in the federal district courts. To the extent this Bylaw is relevant (it was not in place when these consolidated cases were filed and therefore is inapplicable), it is entirely consistent with the Charter. The Charter does not eliminate the (statutorily exclusive) federal forum for Exchange Act claims, but merely identifies a specific federal forum (the District of Delaware) for Exchange Act claims that are derivative in nature. Plaintiffs also suggest Defendants waived the forum-selection clause by previously agreeing to a stay, but that is meritless under both First Circuit law (which holds that a forum-selection clause may be raised at any time before disposition on the merits) and the record (which shows that Plaintiffs agreed that the prior stay was without prejudice to any of Defendants' rights or defenses).

The case should be dismissed without prejudice to refiling in a proper forum.

## BACKGROUND

**A.     Cerence's Charter And Bylaws.**

Cerence, a Delaware corporation headquartered in Burlington, Massachusetts, is a technology company that builds artificial intelligence–powered virtual assistants for automakers and other manufacturers. CSDC ¶¶ 30, 41. It became a standalone public company on October 1, 2019, when it was spun off from Nuance Communications, Inc. *Id.* ¶ 30.

Ever since the spin-off, Cerence's Charter has provided that the "sole and exclusive forum" for certain claims—including "any derivative action or proceeding brought on behalf of" Cerence, as well as "any action asserting a claim of breach of a fiduciary duty owed by any current or former director [or] officer" of Cerence—must be brought exclusively in "the Court of Chancery of the State of Delaware" or, "if the Court of Chancery of the State of Delaware does not have jurisdiction, any other state or federal court located within the State of Delaware." Ex. 1 (10/1/2019 Amended and Restated Certificate of Incorporation) art. X.[1] The bylaws put in place at the time of the spinoff in October 2019 did not have any relevant forum-selection provision. *See* Ex. 2 (10/1/2019 Amended and Restated By-Laws).

On April 28, 2023 (after these consolidated cases were filed on May 10 and 12, 2022), Cerence adopted amended Bylaws with a new Section 12.6, titled "Exclusive Jurisdiction of United States Federal District Courts." Ex. 3 (4/28/23 Second Amended and Restated By-Laws) § 12.6. Section 12.6 provides for exclusive jurisdiction in the "federal district courts" for "any complaint asserting a cause of action arising under the Securities Act of 1933, as amended, the

---

[1] In support of this motion, Defendants are submitting exhibits (each cited as "Ex. __") attached to the accompanying Declaration of Deborah S. Birnbach. All of the exhibits are SEC filings and court filings, and thus are matters of which the Court can take judicial notice on a motion to dismiss. *See, e.g.*, *Arbogast v. Pfizer*, 2023 WL 1864295, at *2 n.1 (D. Mass. Feb. 9, 2023) ("The Court may take judicial notice of court filings in the resolution of a motion to dismiss."); *Mahoney v. Found. Med., Inc.*, 342 F. Supp. 3d 206, 216 n.4 (D. Mass. 2018) (judicial notice of "SEC filing[s]" and other "official public records" may be taken on motion to dismiss). Unless otherwise noted, internal quotation marks, citations, and original alterations have been omitted from quotations, and emphasis has been added.

2

Exchange Act, or the respective rules and regulations promulgated thereunder." *Id.*

    **B.**    **Procedural History.**

On February 25, 2022, a securities class action against Cerence and certain of its officers was filed in this Court. *City of Miami Fire Fighters' & Police Officers' Retirement Trust v. Cerence, Inc. et al.*, No. 1:22-cv-10321 (D. Mass.) (the "Securities Class Action").[2] The complaint in the Securities Class Action alleged violations of Sections 10(b) and 20(a) of the Exchange Act. *See* Securities Class Action, ECF No. 1. On May 4, 2022, the parties to the Securities Class Action stipulated to a schedule providing that, after a lead plaintiff was appointed, the lead plaintiff would file an amended complaint and the parties would brief defendants' motion to dismiss. Securities Class Action, ECF No. 10.

The instant consolidated action originated as two related derivative cases based on substantially the same factual allegations made in the Securities Class Action. On May 10 and 12, 2022, respectively, plaintiffs William Shafer and Peter Morse (together, "Plaintiffs") filed verified shareholder derivative complaints on behalf of nominal defendant Cerence against various current and former officers and directors. ECF No. 1; *Peter Morse v. Sanjay Dhawan et al.*, No. 1:22-cv-1073 (D. Mass.), ECF No. 1. On June 10, 2022, the Parties stipulated to the consolidation of the two derivative cases. ECF No. 13. The stipulation expressly provided that Defendants were agreeing to consolidation "without waiving any rights, arguments or defenses" (apart from the sufficiency of service of process). *Id.* at p. 1. On June 13, 2022, the Court so-ordered the stipulation and consolidated the cases. ECF No. 14.

In the interest of judicial economy, the Parties to this derivative case then agreed to a stay of proceedings until the Court ruled on the expected motion to dismiss in the Securities Class

---

[2] Filings in the Securities Class Action will be cited as "Securities Class Action, ECF No. __."

3

Action. ECF No. 16. The stipulation provided that "this stipulation is not a waiver of any of the Parties' rights, remedies, claims, or defenses." *Id.* at p. 2. On September 12, 2023, during the pendency of the stay, Plaintiffs filed the operative CSDC, which asserts: (i) state-law derivative claims under Delaware law (Claims II, IV, and V);[3] and (ii) purported federal derivative claims under Sections 14(a), 10(b), and 21D of the Exchange Act (Claims I and III). *See* CSDC. The parties then awaited the Court's ruling on the motion to dismiss in the Securities Class Action.

Another derivative case was filed in Delaware Court of Chancery (the forum specified by the Charter for such derivative claims) on August 17, 2023. *Catherine Fleming v. Sanjay Dhawan, et. al.*, Case No. 2023-0845-NAC (Del. Ch.) (the "Delaware Action").[4] The factual allegations in that case are substantially similar to the allegations in this case, but brought solely under Delaware law. *See* Ex. 4 (operative complaint in Delaware Action). The Delaware Action was also stayed pending the decision on the motion to dismiss in the Securities Class Action. *See* Ex. 5 (stay stipulation in Delaware Action).

On March 25, 2024, this Court granted in part and denied in part Defendants' motion to dismiss in the Securities Class Action. *See City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. Cerence Inc.*, 2024 WL 1258149 (D. Mass. Mar. 25, 2024). As a result, the stays in both this action and the Delaware Action were automatically lifted. In the Delaware Action, the parties have stipulated to a schedule under which plaintiff will file an amended complaint today (May 24, 2024), and the parties will then brief the defendants' motion to dismiss *See* Ex. 6 (scheduling stipulation in Delaware Action). In this consolidated action, the Court has ordered briefing limited to the issue of whether the action should be dismissed in light of any relevant forum-selection

---

[3] Due to a typo in the CSDC, there are two claims numbered "Count IV." *See* CSDC ¶¶ 209-219. For clarity, Defendants will refer to the *Brophy* claim as Claim IV, and the Unjust Enrichment claim as Claim V.
[4] Yet another state-law derivate case was filed in Delaware Chancery Court on October 19, 2022, *Melinda Hipp v. Arun Sarin, et al.*, No. 2022-0941 (Del. Ch.). On October 20, 2023, that case was voluntarily dismissed.

4

clause. *See* ECF No. 29 (docket order).

## LEGAL STANDARD

"In the First Circuit, courts treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)." *Lincare, Inc. v. Deso*, 2023 WL 5515824, at *2 (D. Mass. Aug. 25, 2023).

"Under federal common law, the threshold question in interpreting a forum selection clause is whether the clause at issue is permissive or mandatory." *Id.* at *3. "Permissive forum-selection clauses authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere, whereas mandatory forum-selection clauses require that litigation occur exclusively in the designated forum." *Id.*

"The next step in evaluating the applicability of a forum selection clause is ascertaining its scope, namely, whether the forum selection clause covers the claims at issue." *Id.*

"[T]he final step in evaluating the clause . . . involves asking whether there is some reason the presumption of enforceability should not apply." *Id.* In the First Circuit, courts examine whether "(1) the clause is the product of fraud or overreaching, (2) enforcement would be unreasonable and unjust, (3) proceedings in the contractual forum will be so gravely difficult and inconvenient that the party challenging the clause will for all practical purposes be deprived of his day in court, or (4) enforcement would contravene a strong public policy of the forum in which suit is brought." *Id.* "Beyond those four factors, courts may consider whether public interest factors under the doctrine of forum non conveniens may sometimes provide support for rejecting enforcement, but those public interest factors will rarely tip the balance, as forum-selection clauses should control except in unusual cases." *Id.* "The party resisting enforcement bears the 'heavy burden' of demonstrating why the clause should not be enforced." *Ascend Learning, LLC v. Bryan*, 2023 WL 5279643, at *4 (D. Mass. Aug. 16, 2023).

5

**ARGUMENT**

**I.     The Forum-Selection Clause In Cerence's Charter Requires Dismissal.**

This motion starts and ends with Article X of Cerence's Charter, which expressly provides that this Court is the wrong forum for Plaintiffs' claims. Article X provides:

> Unless the Corporation consents in writing to the selection of an alternative forum, the ***sole and exclusive forum*** for (a) ***any derivative action or proceeding brought on behalf of the Corporation***, (b) ***any action asserting a claim of breach of a fiduciary duty owed by any current or former director, officer or other employee or stockholder of the Corporation*** to the Corporation or the Corporation's stockholders, (c) any action asserting a claim arising pursuant to any provision of the DGCL (or any successor provision thereto) or as to which the DGCL (or any successor provision thereto) confers jurisdiction on the Court of Chancery of the State of Delaware, (d) any action asserting a claim governed by the internal affairs doctrine or (e) any other action asserting an "internal corporate claim" as that term is defined in Section 115 of the DGCL ***shall be the Court of Chancery of the State of Delaware, in all cases to the fullest extent permitted by law, or, if the Court of Chancery of the State of Delaware does not have jurisdiction, any other state or federal court located within the State of Delaware.***

Ex. 1 art. X. This clause (i) is mandatory, (ii) covers Plaintiffs' claims, and (iii) is enforceable. *See Lincare*, 2023 WL 5515824, at *3.

***First***, the forum-selection clause in Article X is mandatory, not permissive. It expressly provides for a "sole and exclusive" forum. *Id.* (forum selection clause providing for "exclusive venue" was mandatory); *Kebb Mgmt., Inc. v. Home Depot U.S.A., Inc.*, 59 F. Supp. 3d 283, 288 (D. Mass. 2014) (forum clause providing for "exclusive jurisdiction" was mandatory). Moreover, Article X uses the word "shall," which signals a mandatory forum. *See, e.g.*, *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 17 n.5 (1st Cir. 2009) ("shall" is a "typical mandatory term[]"); *Provanzano v. Parker View Farm, Inc.*, 827 F. Supp. 2d 53, 60 (D. Mass. 2011) (the words "will" or "shall" "demonstrate [the] parties' exclusive commitment to the named forum").

6

*Next*, all of Plaintiffs' claims fall within the scope of the forum-selection clause. All of Plaintiffs' claims are derivative and thus fall within prong (a) of Article X. *See* CSDC ¶ 1 ("This is a stockholder derivative action brought on behalf of and for the benefit of Cerence . . . ."). In addition, Claims II, IV, and V fall within prong (b) of Article X because they arise under Delaware law and allege breaches of directors' and officers' fiduciary duties. *See* CSDC ¶¶ 195-201, 209-219. *See In re Carvana Co. S'holders Litig.*, 2022 WL 3923826, at *3 (Del. Ch. Aug. 31, 2022) (forum provision that designated Delaware courts as the exclusive forum for derivative claims and fiduciary duty claims "clearly applie[d]" to plaintiff's derivative fiduciary duty claims).[5]

*Finally*, the clause is enforceable. Forum-selection clauses are presumptively enforceable in the First Circuit. *See Rivera*, 575 F.3d at 18 ("a forum selection clause should be enforced unless the resisting party can show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching . . . [or that] enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision"). Delaware law also routinely upholds such forum-selection provisions in corporate charters and bylaws. *See, e.g.*, *Salzberg v. Sciabacucchi*, 227 A.3d 102 (Del. 2020) (holding that "a charter may specify that internal corporate claims must be brought in the courts in this State (presumably, including the federal court)"); *Sylebra Cap. Partners Master Fund, Ltd. v. Perelman*, 2020 WL 5989473, at *10 (Del. Ch. Oct. 9, 2020) ("Forum selection bylaws are

---

[5] We note that dismissal, rather than transfer, is appropriate because Plaintiffs' state-law claims sound in breach of fiduciary duty and thus fall within the jurisdiction of the Delaware Court of Chancery. *See, e.g.*, *Clark v. State Farm Mut. Auto. Ins. Co.*, 131 A.3d 806, 812 n.13 (Del. 2016) (plaintiffs "must bring a claim for breach of fiduciary duty in the Court of Chancery"); *Prospect St. Energy, LLC v. Bhargava*, 2016 WL 446202, at *4 (Del. Super. Ct. Jan. 27, 2016) ("Given the equitable nature of fiduciary duty claims, jurisdiction lies exclusively within the Chancery Court even where the relief sought is purely monetary"). Thus, Article X of the Charter requires these claims to be brought solely in the Court of Chancery, not federal court. *See* Ex. 1 art. X (providing that the forum "shall be the Court of Chancery of the State of Delaware, ***in all cases to the fullest extent permitted by law***, or, ***if the Court of Chancery of the State of Delaware does not have jurisdiction***, any other state or federal court located within the State of Delaware").

enforced in the same way Delaware enforces any other forum selection clause."); *Boilermakers Loc. 154 Ret. Fund v. Chevron Corp.*, 73 A.3d 934, 942, 963 (Del. Ch. 2013) (upholding forum selection bylaw selecting Delaware Court of Chancery as the "sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of the Corporation [and] (ii) any action asserting a claim of breach of a fiduciary duty owed by any director, officer or other employee of the Corporation").[6]

Plaintiffs cannot carry the "heavy burden" of showing this clause is unreasonable or otherwise unenforceable. *Ascend Learning*, 2023 WL 5279643, at *4. There is nothing unreasonable about requiring derivative and fiduciary duty claims involving Delaware corporations to be litigated in Delaware, and federal courts across the country routinely uphold such provisions as reasonable. *See, e.g.*, *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 367 F. Supp. 3d 1108, 1121 (N.D. Cal. 2019) (enforcing forum-selection clause in charter of Delaware corporation); *Turney ex rel. Stericycle, Inc. v. Miller*, 2019 WL 3801866, at *3 (N.D. Ill. Aug. 13, 2019) (bylaw "mandating that all derivative actions be brought in the Chancery Court of Delaware is valid and enforceable"); *North v. McNamara*, 47 F. Supp. 3d 635, 645-46 (S.D. Ohio 2014) (enforcing forum-selection clause in bylaw, and rejecting plaintiff's argument "that forcing her to bring suit in Delaware is seriously inconvenient" where "[s]he chose to purchase shares in the Delaware corporation").

---

[6] Defendants note that there is a circuit split concerning the enforceability of forum-selection clauses that limit derivative Exchange Act claims **solely** to state court: because Exchange Act claims can only be brought in federal court as a matter of statutory law, *see* 15 U.S.C. § 78aa(a), such provisions effectively deprive plaintiffs of any forum for derivative Exchange Act claims. *Compare Seafarers Pension Plan ex rel. Boeing Co. v. Bradway*, 23 F.4th 714, 718 (7th Cir. 2022) (concluding such forum-selection clauses are unenforceable as a matter of Delaware law and federal policy), *with Lee v. Fisher*, 70 F.4th 1129, 1156-57 (9th Cir. 2023) (en banc) (upholding such a forum-selection clause). To be clear, the Ninth Circuit has the better side of this debate, because there is no "strong public policy to allow shareholders to bring [Exchange Act] claims as derivative actions" as opposed to direct actions. *Lee*, 70 F.4th at 1144. Ultimately, however, this circuit split is irrelevant here. Even under the Seventh Circuit's approach, Article X of Cerence's Charter is valid because it does not deprive Plaintiffs of a federal forum for derivative Exchange Act claims. It simply channels such claims to a specific forum: the District of Delaware.

## II.   Plaintiffs' Arguments Against Enforcing The Forum-Selection Clause In Cerence's Charter Are Unavailing.

In the Joint Status Report filed on April 23, 2024, Plaintiffs suggested various reasons why this case should proceed in this Court. *See* ECF No. 28 ("Joint Report") at 1-2, 5-7. None is persuasive.

***First***, Plaintiffs point to Section 12.6 of the Bylaws enacted in April 2023. *See* Joint Report at 6. Section 12.6 was not in effect when these consolidated actions were filed (*see supra* pp. 2-3), so it cannot excuse Plaintiffs' decision to file in the wrong court. Assuming Section 12.6 does apply, the proper forum is still Delaware.

Delaware law requires Section 12.6 of the Bylaws to be interpreted harmoniously with Article X of the Charter if possible. "Corporate charters and bylaws are contracts among a corporation's shareholders; therefore, Delaware rules of contract interpretation apply." *Nahass v. Harrison*, 207 F. Supp. 3d 96, 104 (D. Mass. 2016). Basic principes of contract interpretation require provisions to be read harmoniously if possible. *See, e.g.*, *GRT, Inc. v. Marathon GTF Tech., Ltd.*, 2012 WL 2356489, at *6 (Del. Ch. June 21, 2012) ("Delaware law requires that this court attempt to give effect to the plain terms of all provisions of a contract, and to give them a harmonious reading"). Moreover, the charter always wins; a "bylaw that conflicts with the charter is void." *Manti Holdings, LLC v. Authentix Acquisition Co., Inc.*, 261 A.3d 1199, 1240 (Del. 2021). Thus, Delaware courts attempt to reconcile corporate charters and bylaws wherever possible. *See, e.g.*, *Klaassen v. Allegro Dev. Corp.*, 2013 WL 5739680, at *24-25 (construing bylaw "to avoid" potential "conflicts with [Delaware statute] and the Charter," and explaining that "courts will construe the bylaws in a manner consistent with the law rather than strike down the bylaws"), *aff'd*, 82 A.3d 730 (Del. 2013); *Kirby v. Kirby*, 1987 WL 14862, at *3 (Del. Ch. July 29, 1987) ("[T]he Court should attempt to reconcile the amended bylaw with the certificate").

9

It is easy to harmonize Article X of the Charter and Section 12.6 of the Bylaws. Section 12.6 provides that Exchange Act claims can only be brought in the federal district courts. *See* Ex. 3 § 12.6. Article X provides that, if a federal claim is derivative, it must be brought in a specific federal district court: the District of Delaware. *See* Ex. 1 art. X. Plaintiffs' interpretation, by contrast, renders these provisions inconsistent. Under Plaintiffs' reading, the Bylaws override the Charter by permitting some derivative claims to be brought outside Delaware. That interpretation is impermissible when these provisions can be easily harmonized.[7]

**Second**, Plaintiffs incorrectly suggest that Defendants have waived their right to enforce the forum-selection clause by agreeing to stay the action in 2022. *See* Joint Report at 7. This argument is contrary to both the law and the facts.

In this Circuit, a "motion to dismiss based on a forum-selection clause may be raised at any time in the proceedings before disposition on the merits." *Silva v. Encyclopedia Britannica Inc.*, 239 F.3d 385, 388 (1st Cir. 2001). For example, in *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41 (1st Cir. 2014), a defendant waited "eleven months after filing suit" to file a motion under the forum-selection clause, by which time "discovery was well under way, significant resources had already been expended, and substantive and dispositive motions were filed." *Id.* at 49. The First Circuit nonetheless "easily dispensed with" the plaintiffs' waiver argument, because the claims at issue "were never disposed of on the merits" and there was "nothing in the record to suggest that any potential unfairness rises to the level of being 'unjust' or 'unreasonable.'" *Id.* "Indeed, if Appellants wanted to avoid any seeming unfairness, they should

---

[7] Plaintiffs also assert that language from Cerence's Form 10-K filed with the SEC on November 29, 2022, acknowledges an inconsistency between the forum-selection provisions in the Charter and the Bylaws. Joint Report at 6. That assertion is obviously wrong. The fiscal year 2022 Form 10-K was filed five months **before** the applicable Bylaws were adopted in April 2023. Cerence's more recent 10-K, filed on November 29, 2023 (after the Bylaws were adopted), does not have this "uncertainty" language. *See* Ex. 7 (FY2023 Form 10-K) at 30.

have filed their suit in the proper forum to begin with." *Id.* Here, Plaintiffs face even less prejudice: nothing has happened because the case has been stayed, and when the stay was lifted, Defendants immediately raised the forum-selection clause.

Moreover, Plaintiffs' waiver argument is contrary to the stipulations they previously signed. In the stipulation consolidating the two derivative cases, and again in the stipulation staying the consolidated action, Plaintiffs agreed that Defendants' rights and defenses were not being waived. *See* ECF No. 13 at p. 1 (reciting that "without waiving any rights, arguments or defenses, Defendants agree that the Actions should be consolidated," and that "this stipulation is not a waiver of any of the parties' rights, remedies, claims, or defenses"); ECF No. 16 at p. 2 (reciting that "this stipulation is not a waiver of any of the Parties' rights, remedies, claims, or defenses"). Plaintiffs cannot now claim waiver when they expressly stipulated to the contrary. *See, e.g.*, *In re Minkina*, 79 F.4th 142, 147 (1st Cir. 2023) ("A party's stipulations are binding on that party and may not be contradicted by him at trial or on appeal."); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 32 (1st Cir. 2007) ("Once entered, parties are not generally free to extricate themselves" from a stipulation "unless it becomes apparent that it may inflict a manifest injustice upon one of the contracting parties.").

***Third***, Plaintiffs point out that the District of Massachusetts is where Cerence is headquartered and where the related Securities Class Action is pending. Joint Report at 5. That is irrelevant. Defendants do not dispute that the District of Massachusetts would be a proper venue in the absence of a forum-selection clause. But the whole purpose of a mandatory forum-selection clause is to channel litigation from the many possible venues where it ***could*** be brought to one venue where it ***must*** be brought. *Huffington v. T.C. Grp., LLC*, 637 F.3d 18, 22-23 (1st Cir. 2011) ("[F]orum selection clauses have varying purposes, but one reasonably inferred . . . is to

11

concentrate all related litigation in a single forum.").

*Finally*, Plaintiffs complain that the Delaware Action was "later-filed." Joint Report at 6. That does not help Plaintiffs. While the Delaware Action was filed second, the Delaware plaintiffs chose to file in the correct forum. These Plaintiffs did not, and they should not be rewarded for filing in disregard of the forum-selection clause in the applicable Charter provision. For that reason, "[i]t is improper for a party to invoke the first filed doctrine in the face of a clearly articulated forum selection clause in a contract." *Megadance USA Corp. v. Knipp*, 623 F. Supp. 2d 146, 149 (D. Mass. 2009).

## CONCLUSION

The action should be dismissed without prejudice to refiling in a proper forum.

Dated: May 24, 2024

Respectfully submitted,

DEFENDANTS SANJAY DHAWAN, MARK J. GALLENBERGER, ARUN SARIN, THOMAS BEAUDOIN, MARIANNA BUDNIK, SANJAY JHA, KRISTI ANN MATUS, ALFRED NIETZEL, AND STEFAN ORTMANNS, AND NOMINAL DEFENDANT CERENCE INC.

By their attorneys,

/s/ *Deborah S. Birnbach*
Deborah S. Birnbach (BBO No. 628243)
Justin D. Ward (BBO No. 711928)
Brendan Blake (BBO No. 710755)
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
Tel.: 617-570-1000
Fax.: 617-523-1231
dbirnbach@goodwinlaw.com
jward@goodwinlaw.com
bblake@goodwinlaw.com

*Counsel for Defendants and Nominal Defendant*

12